OPINION of the Court, by
Judge Logan.
This was an ejectment; upon the trial of which, exceptions were taken to the opinion of the court in refusing to instruct the jury — 1st, That the plaintiff’s deed was insufficient to authorise a recovery of more land than is described in the premises oi* first part of the deed. 2d, That in order to justify a recovery in ejectment, it is necessary to shew that corners were found: corresponding with those of the survey, and that their marks had an appearance of age equal to the date of the survey.
The premises or first part of the deed is in the usual form, for a particular part of a certain tract of land ; and after the conclusion or warranty inserted, this additional clause is inserted, viz. “ And further, the said Thomas M. Stephens (the grantor) doth hereby convey to the said Peter Dishman, for the consideration aforen said, all his equitable and legal interest in th® residue of the said; original survey, except,” See.
The first objection seems to suppose this subsequent provision in the deed insufficient to pass such estate as will maintain an ejectment for the residue of the laud comprehended by the original survey, with the exception therein contained. But the objection is not well founded. The land, by reference to the original survey, and to the deed which had before been executed for a part thereof that w:as excepted out of the general conveyance, was sufficiently described and the rigid certainly defined to maintain this action. By the common law these words would have passed an estate for Ufe, and by our statute regulating conveyances an estate in, fee is transi-ferred. The court, therefore,, properly overruled the potion for the instruction ashed upon this point.
As to the second ground upon which, the- instruction of the court was asked, there is still less weight in it. It involves in it the necessity of shewing the existence of porner trees at the several corners; for without their appearance, the marks as to the appearance of age, &c. could not be examined, as required frqm the instruction moved for: ⅞point Which has been .more than once otherwise determined, ft is true the existence of ft% trees as called for, with marks corresponding as tp age, &c. would be high evidence, and: perhaps the most satisfactory in identifying the land; but it is not the only *52 satisfactory and competent evidence of the same fact,, an(^ the court therefore properly overruled the m.otioji', which required proof thereof as necessary to maintain' an ejectment.
The judgment must be affirmed with cost.